# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELLIOT M. HIRSCH,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ADINA MILES, LAURIE BEDA, NORMA TAWIL, HESHY TISCHLER, AMBER ADLER, YESHIVA OF FLATBUSH JOEL BRAVERMAN HIGH SCHOOL, ELISHEVA YARIMI, NOURITE MAIMON, EVE SCABA, SARAH MIZRAHI, YAFAH SUTTON, RABBI YITZCHAK YISRAELI, ELIZABETH KAIREY, ABRAHAM MANOPLA, MURRAY BETESH, ELANA DWECK, ISABELLA KHAIMOV, and LAUREN DAGMY,<br><br>　　　　　Defendants. | Civil Action No. 21-12246 (FLW) |
| ELLIOT M. HIRSCH,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ELIZABETH M. KAIREY, MIRIAM SABZEHROO, RAQUEL SABZEHROO, SARI DANA, CHESED UNLIMITED LLC, SHERRY CHERA HALABI, DALIA OZIEL, DEBORAH SHILOACH, EVA SHAMMAH, THE EDMOND J. SAFRA SYNAGOGUE INC., and RABBI ELI J. MANSOUR,<br><br>　　　　　Defendants. | Civil Action No. 21-13718 (FLW)<br><br>**MEMORANDUM AND ORDER** |

**THESE MATTERS** having been opened to the Court by *pro se* Plaintiff Elliot M. Hirsch ("Plaintiff") by way of two separate amended complaints, *see Hirsch v. Beda, et al.*, No. 21-12246 ("First Hirsch Action") and *Hirsch v. Kairey, et al.*, No. 21-13718 ("Third Hirsch Action"),[1] in

---

[1] As explained, *infra*, Plaintiff commenced another action, *see Hirsch v. Adler, et al.*, No. 21-12686 ("Second Hirsch Action"), which was later dismissed and consolidated with the First Hirsch Action.

1

response to the Court's Orders dated July 8, 2021 ("July 8th Order") and August 23, 2021 ("August 23rd Order") granting Plaintiff's applications to proceed without prepayment of fees and costs, but dismissing Plaintiff's complaints on screening, without prejudice, for failure to state a claim; the Court having reviewed Plaintiff's first amended complaints in the First and Third Hirsch Actions, pursuant to 28 U.S.C. §1915(e)(2)(B), which authorizes the Court to screen a complaint filed by a litigant proceeding *in forma pauperis*, makes the following findings:

1. First, the Court notes that while determining the sufficiency of a *pro se* complaint, it must be mindful to construe it liberally in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, the Court need not credit a *pro se* plaintiff's bald assertions or legal conclusions. *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

2. Federal Rule of Civil Procedure 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Indeed, the Supreme Court has held that factual allegations set forth in a complaint must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Put simply, "[t]he Supreme Court's *Twombly* formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

3. The First, Second, and Third Hirsch Actions all relate to the same set of factual circumstances and assert similar, if not identical, legal claims. To briefly summarize,

       Plaintiff alleges that the various defendants[2] engaged in a web-based defamation campaign against him to harass and intimidate Plaintiff into granting his wife, Elizabeth Kairey, a Jewish divorce, otherwise known as a GET. According to Plaintiff, his wife filed for civil divorce in New York Supreme Court on June 26, 2018, and she has been "viciously litigating against [Plaintiff] the last four years[.]" Plaintiff claims that the Edmond J. Safra Synagogue, Inc. created a web-based campaign known as the "Free Elizabeth" campaign seeking monetary donations to assist Kairey in paying her attorneys' fees. In addition, Plaintiff maintains that the campaign included false and defamatory statements about him related to his purported failures to pay child support, abusive behavior, and refusal to give Kairey a GET.

4. Although the First and Third Hirsch Actions are still in their infancy, their procedural histories are already somewhat convoluted, and in order to streamline, it is appropriate to consolidate these matters pursuant to Fed. R. Civ. P. 42.

5. On June 8, 2021, Plaintiff filed a complaint in the First Hirsch Action. Less than two weeks later, on June 17, 2021, Plaintiff commenced the Second Hirsch Action. Conducting a screening review pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court dismissed the complaint in the Second Hirsch Action and directed Plaintiff to "file a comprehensive amended complaint" in the First Hirsch Action, because the two cases involved the same factual circumstances and legal claims. Specifically, the Court's July 8th Order explained that

---

[2] In his amended complaints, Plaintiff names the following persons or entities as defendants: Elizabeth M. Kairey, Adina Miles, Laurie Beda, Norma Tawil, Heshy Tischler, Amber Adler, Yeshiva of Flatbush Joel Braverman High School, Elisheva Yarimi, Nourite Maimon, Eve Scaba, Sarah Mizrahi, Yafah Sutton, Rabbi Yitzchak Yisraeli, Elizabeth Kairey, Abraham Manopla, Murray Betesh, Elana Dweck, Isabella Khaimov, Lauren Dagmy, Miriam Sabzehroo, Raquel Sabzehroo, Sari Dana, Chesed Unlimited LLC, Sherry Chera Halabi, Dalia Oziel, Deborah Shiloach, Eva Shammah, the Edmond J. Safra Synagogue Inc., and Rabbi Eli J. Mansour.

3

    Plaintiff's consolidated amended complaint should "include[] all claims and factual allegations." Instead, however, Plaintiff commenced the Third Hirsch Action on July 15, 2021, again naming his wife, Elizabeth Kairey, as a defendant, along with ten additional defendants not previously named in either the First or Second Hirsch Actions. On August 23, 2021, this Court granted Plaintiff's application to proceed without prepayment of fees and costs in the Third Hirsch Action, but dismissed certain claims asserted therein. The Court also directed Plaintiff to file an amended complaint addressing the pleading deficiencies consistent with the August 23rd Order, which Plaintiff did on August 29, 2021. (Third Hirsch Action, ECF No. 6 ("Third Hirsch Action Am. Compl.")). Finally, on September 27, 2021, Plaintiff filed an amended complaint in the First Hirsch Action, which purportedly complies with the Court's instructions set forth in the July 8th Order to file a comprehensive amended complaint. (First Hirsch Action, ECF No. 25 ("First Hirsch Action Am. Compl.")).

6.     The Court will screen the latest amended complaints filed in the First and Third Actions, in turn, pursuant to 28 U.S.C. § 1915(e)(2)(B).

### The First Hirsch Action

7.     Plaintiff's 593-paragraph amended complaint in the First Hirsch Action asserts the following claims: intentional infliction of emotional distress, defamation, false light, civil conspiracy, negligence, negligent infliction of emotional distress, violation of 18 U.S.C. § 1962 ("RICO"), assault, and private nuisance.

8.     At the outset, Plaintiff's claim for assault is dismissed without prejudice because Plaintiff does not clearly allege who that claim is asserted against. Rather, the amended complaint merely recites the requirements for proving common law assault in New Jersey and

4

    generally states, "As I have alleged in the preceding paragraphs in great detail, those responsible for sending me the violent threats to my body and sending me messages of 'no get no peace' are and threatening to send violent rioters to my home are guilty under this cause of action." (First Hirsch Action Am. Compl., ¶ 561.)  Indeed, the Court will not sift through Plaintiff's 593-paragraph amended complaint in an attempt to discern the basis for Plaintiff's claim.

9.     Next, the Court turns to Plaintiff's RICO and civil conspiracy claims. "In order to plead a violation of RICO, plaintiffs must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Lum v. Bank of America*, 361 F.3d 217, 223 (3d Cir. 2004) (citation omitted). "According to the RICO statute, a 'pattern of racketeering activity' requires at least two acts of racketeering activity within a ten-year period." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 363 (3d Cir. 2010) (quoting 18 U.S.C. § 1961(5)).

10.     Here, Plaintiff alleges only one act of racketeering activity, namely that Defendants extorted him to obtain a GET for Kairey.  According to Plaintiff, a person is guilty of "theft by extortion" where he or she "obtain[s] […] property from another, with his consent, induced by [the] wrongful use of actual or threatened force, violence, or fear, or under color of official right." (First Hirsch Action Am. Compl., ¶ 486.) In that regard, Plaintiff claims that Defendants "used a facility of interstate commerce, namely Instagram, with the intent and for the express purpose of threatening me with mob style riots, violence, and harassment" in order for Plaintiff to give his wife a GET. (*Id.* at ¶ 487.)  While the Court questions whether Plaintiff's allegations even meet the requirements of extortion such that they form a predicate act of racketeering activity under RICO, Plaintiff only alleges one

5

       instance of purported racketeering, and that is insufficient. Indeed, careful scrutiny of such claims is appropriate because of the "relative ease with which a plaintiff may mold a RICO pattern from allegations that, upon closer scrutiny, do not support it." *Kolar v. Preferred Real Estate Invs., Inc.*, 361 Fed.Appx. 354, 363 (3d Cir. 2010) (internal citations omitted). "[C]ourts should strive to flush out frivolous RICO allegations at an early stage of the litigation." *Rothberg v. Marger*, No. 11-5497, 2013 WL 1314699, at *10 (D.N.J. Mar. 28, 2013) (internal citations omitted). Accordingly, Plaintiff's claim for violation of RICO is dismissed without prejudice.[3]

11.     Plaintiff also asserts a claim of negligence against Elizabeth Kairey. Specifically, he alleges simply that Kairey was aware of the planned "riots" at Plaintiff's house, and that once she became aware, she should have "notified the Defendants to cease their activities[.]" (First Hirsch Action Am. Compl., ¶¶ 466-69.) To plausibly state a negligence claim in New Jersey, a plaintiff must allege four key elements: "(1) that the defendant owed duty of care to the plaintiff, (2) that the defendant breached that duty, (3) that the breach was a proximate cause of the plaintiff's injuries, and (4) that the plaintiff suffered actual compensable injuries as a result." *Kubert v. Best*, 432 N.J. Super 495, 508 (App. Div. 2013); *see also Brunson v. Affinity Federal Credit Union*, 199 N.J. 381, 400 (2009); *Townsend v. Pierre*, 221 N.J. 36, 52 (2015). At bottom, the negligence inquiry asks "whether the reasonably prudent person at the time and place should recognize and foresee

---

[3]     Claims for civil conspiracy, on the other hand, must allege "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another and an overt act that results in damage." *Banco Popular N. Am. v. Gandi*, 184 N.J. 161, 177 (2005); *Sunkett v. Misci*, 183 F.Supp.2d 691, 722 (D.N.J. 2002). Because no such "pattern" requirement exists to assert civil conspiracy, Plaintiff's claim survives the Court's limited screening process.

an unreasonable risk of likelihood of harm or danger to others." *Tentacost v. Brussel*, 82 N.J. 214, 222 (1980) (internal quotations omitted).

12. Here, Plaintiff's claim fails, on its face, because he fails to sufficiently allege that Kairey owed him a duty of care. To that end, Plaintiff confusingly alleges, without further elaboration or explanation, that "[e]ach Defendant owed a duty to act reasonably and conform to the standards of conduct set out in criminal statutes." (First Hirsch Action Am. Compl., ¶ 462.) Moreover, as to Kairey specifically, who the Court notes is the only Defendant that Plaintiff expressly asserts a negligence claim against, the Amended Complaint does not allege that she owed Plaintiff a duty of care. To the extent that Plaintiff alleges simply that by virtue of their spousal relationship, Kairey automatically and without question owed him a duty of care, and therefore, she should have urged the other defendants to "cease their activities," that is not the case. Indeed, the Court found no legal support for the proposition that a wife owes her husband a duty of care in this context simply because of their married status. Accordingly, Plaintiff's negligence claim is dismissed without prejudice.

13. Finally, looking to Plaintiff's remaining claims of intentional infliction of emotional distress, defamation, false light, negligent infliction of emotional distress, and private nuisance, the Court finds that the amended complaint has sufficiently pled the necessary elements of those claims to survive a cursory screening pursuant to 28 U.S.C. § 1915(e)(2)(B). Indeed, with respect to Plaintiff's claims for defamation and false light, the Court previously dismissed those claims without prejudice in the Third Hirsch Action based on Plaintiff's failure to sufficiently plead damages. *See* August 23rd Order ("Although at the motion to dismiss stage, the Court is not concerned with Plaintiff's ability

7

to prove his allegations, even liberally construed, I cannot conclude he has sufficiently alleged damages.") (citing *Pitts v. Newark Bd. of Educ.*, 337 N.J. Super. 331, 337–38 (App. Div. 2001)). In this amended complaint, however, Plaintiff remedies that deficiency by referencing several jobs that he was denied based on Defendants' purportedly false and defamatory statements. As an example, Plaintiff explains that prior to Defendants' supposed defamatory statements, he worked mostly in the Syrian Jewish community. (First Hirsch Action Am. Compl., ¶ 404.) According to Plaintiff, however, following the statements, he has "reached out to numerous individuals for employment opportunities within Syrian Community" to no avail. (*Id.* at ¶ 404-405.)

14. That is not to say, however, that these claims would not be subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), following Plaintiff's service of process on all Defendants.

## The Third Hirsch Action

15. Plaintiff's 620-paragraph amended complaint in the Third Hirsch Action similarly asserts the following claims: intentional infliction of emotional distress, defamation, false light, "public exposure of private facts," "[mis]appropriation of other's name and likeness," civil conspiracy, negligence, negligent infliction of emotional distress, violation of RICO, assault, and violation of N.J.S.A. 2C:41-2 ("NJRICO").

16. First, Plaintiff's claims for "public exposure of private facts," "[mis]appropriation of other's name and likeness," assault are dismissed. Indeed, Plaintiff's assault claim suffers from the same deficiency as the First Hirsch Action, *i.e.*, it does not clearly allege who the claim is asserted against. (*See* Third Hirsch Action Am. Compl., ¶ 614-16.) Finally, as to Plaintiff's claims for "public exposure of private facts" and "[mis]appropriation of other's

8

name and likeness," those are not independent, recognized causes of action, and therefore, they are dismissed with prejudice.

17. Next, Plaintiff's RICO and NJRICO claims fail for the same reason as that same claim in the First Hirsch Action, *i.e.*, Plaintiff's inability to demonstrate a pattern of racketeering. *See State v. Ball*, 268 N.J. Super. 72, 98 (App. Div. 1993), *aff'd*, 141 N.J. 142 (1995) (stating that New Jersey's RICO statute "borrows its structure, purpose and remedies from Federal RICO" and heeds federal case law in construing its statute); *Newman–Steele v. Mayor and Council of Borough of Tinton Falls*, Docket No. L–1444–05, 2010 WL 3257935, *4 n. 3 (App. Div. Aug. 17, 2010) (noting that state RICO statute, like its federal counterpart, also requires a plaintiff to allege "an injury to its business or property"). Thus, Plaintiff's RICO and NJRICO claims are dismissed without prejudice.

18. Finally, the Court turns to Plaintiff's negligence claim, which he asserts against Kairey and Rabbi Eli J. Mansour. Like the First Hirsch Action, Plaintiff claims that Kairey is guilty of negligence because she "advis[ed]," "guid[ed]," and "approv[ed]" the "Free Elizbeth" campaign's purported defamatory statements and the mob's actions. (*See* Third Hirsch Action Am. Compl., ¶¶ 431, 436, 449.) As to Rabbi Mansour, Plaintiff alleges that he "is in a position of authority," within the Syrian Jewish community, and therefore, had Rabbi Mansour "not given his explicit approval, [Defendant Eva Shammah] would not have published the webpage on her Instagram account for her thousands of followers to see." (*Id.* at ¶¶ 471-75.) In addition, Plaintiff alleges that, like Kairey, Rabbi Mansour's "endorse[ment]" of the "Free Elizabeth" campaign resulted in harm to Plaintiff because "people felt that the cause was righteous and worthy and therefore donated exorbitant amounts of money to this campaign and furthered its purpose." (*Id.* at ¶¶ 476-77.) Here,

9

because Plaintiff's negligence claim against Kairey is grounded in the same factual allegations as the First Hirsch Action, Plaintiff's negligence claim against her is dismissed for the same reasons as that same claim in the First Hirsch Action, *i.e.*, a failure to allege a duty of care. As to Rabbi Mansour, the Amended Complaint, likewise, does not contain any allegations that Rabbi Mansour owed Plaintiff a duty of care such that he could be found liable for negligence. The imposition of a duty "requires an evaluation and a balancing of the conflicting interests of the respective parties." *J.S. v. R.T.H.*, 155 N.J. 330, 338–39 (1998) (citing *Portee v. Jaffee*, 84 N.J. 88, 101, 417 A.2d 521 (1980)). That assessment necessarily includes an "examination of the relationships between and among the parties." *Id.* Also implicated in this analysis is an "assessment of the defendant's 'responsibility for conditions creating the risk of harm' and an analysis of whether the defendant had sufficient control, opportunity, and ability to have avoided the risk of harm." *Id.* (quoting *Kuzmicz v. Ivy Hill Park Apts., Inc.*, 147 N.J. 510, 515 (1997). With respect to Rabbi Mansour, the Amended Complaint alleges only that he was one of two rabbis who presided over his religious ceremony with Kairey, that he is somehow related to Kairey, and that he is a "world renown Jewish Orthodox speaker," with lots of power and authority in the Syrian Jewish community. From these allegations, Plaintiff makes the unreasonable leap that by "lending his support" to the "Free Elizabeth" campaign, the Rabbi caused Plaintiff substantial harm. The Amended Complaint lacks, however, any allegations that Rabbi Mansour and Plaintiff maintained any relationship, that Rabbi Mansour was aware of the alleged defamatory nature of the statements made about Plaintiff, and that Rabbi Mansour could reasonably foresee that his support for the campaign would lead to the harm

10

alleged by Plaintiff. Without more, these allegations simply cannot support a negligence claim, and as such, it is dismissed without prejudice.

19. Plaintiff's claims of intentional infliction of emotional distress, defamation, false light, civil conspiracy, negligent infliction of emotional distress, provide enough factual detail and specificity to survive the Court's limited review under 28 U.S.C. § 1915(e)(2)(B). Again, like those similar claims asserted in the First Hirsch Action, the Court's analysis, here, does not foreclose Defendants from filing a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

20. Accordingly, the Court having reviewed Plaintiff's amended complaints in the First and Third Hirsch Actions pursuant to 28 U.S.C. §1915(e)(2)(B), for these reasons set forth above, and for good cause shown,

**IT IS** on this 9th day of February, 2022,

**ORDERED** that with respect to the First Hirsch Action, Plaintiff's claims for assault, RICO, and negligence are dismissed without prejudice; and it is further

**ORDERED** that with respect to the Third Hirsch Action, Plaintiff's claims for assault, negligence, RICO, and NJRICO are dismissed without prejudice, while his claims for "public exposure of private facts," and "[mis]appropriation of other's name and likeness" are dismissed with prejudice; and it is further

**ORDERED** that because these actions "involve a common question of law or fact," the Third Hirsch Action, *see Hirsch v. Kairey, et al.*, No. 21-13718, is hereby consolidated with the

11

First Hirsch Action, *see Hirsch v. Beda, et al.*, No. 21-12246, pursuant to Fed. R. Civ. P. 42(a)(2);[4] and it is further

**ORDERED** that Plaintiff is directed to file a comprehensive second amended complaint in the First Hirsch Action, consistent with the instructions contained in this Order.  To be clear, Plaintiff's second amended complaint should include only the defendants and claims from the First and Third Hirsch Actions.  Plaintiff is not given leave to assert additional claims, or to amend any claims that have been dismissed in this Order or any of the Court's prior Orders related to the First, Second, or Third Hirsch Actions.  To the extent that Plaintiff wishes to add any additional claims, defendants, or factual allegations to his second amended complaint, he must file a motion to amend with the Magistrate Judge.[5]

/s/ Freda L. Wolfson
Hon. Freda L. Wolfson
U.S. Chief District Judge

---

[4] The Court may consolidate *sua sponte*. *See Penn. Gas. Ins. Co. v. Landis*, 96 F.Supp.2d 408, 410 (D.N.J. 2000); *Ortho-McNeil Pharm., Inc. v. Kali Lab'ys, Inc.*, No. 02-5707, 2007 WL 1814080, at *6 (D.N.J. June 20, 2007).

[5] The Court cautions Plaintiff that any future amendment must avoid frivolity, or risk potential sanctions pursuant to Fed. R. Civ. P. 11.  *Carlino v. Gloucester City High Sch.*, 57 F. Supp. 2d 1, 37 (D.N.J. 1999), *aff'd in part*, 44 F. App'x 599 (3d Cir. 2002)