**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
**Joanna Piorek, Esq. (Attorney ID 005342001)**
**200 Campus Drive**
**Florham Park, New Jersey 07932**
**Tel: (973) 624-0800**
**Fax: (973) 624-0808**
**Attorneys for Defendants Yeshivah of Flatbush and Yeshivah of Flatbush LLC (improperly pled as "Yeshiva of Flatbush Joel Braverman High School")**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| ELLIOT M. HIRSCH, | : | **CIVIL ACTION NO.** |
| | : | **3:21-cv-12246-FLW-RLS** |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| ADINA MILES, LAURIE BEDA, NORMA | : | |
| TAWIL, HESHY TISCHLER, AMBER ADLER, | : | |
| YESHIVA OF FLATBUSH JOEL BRAVERMAN | : | **ANSWER TO AMENDED** |
| HIGH SCHOOL, ELISHEVA YARIMI, NOURITE | : | **COMPLAINT WITH** |
| MAIMON, EVE SCABA, SARAH MIZRAHI, | : | **AFFIRMATIVE DEFENSES AND** |
| YAFAH SUTTON, ELIZABETH KAIREY, | : | **JURY DEMAND** |
| ISABELLA KHAIMOV, LAUREN DAGMY, | : | |
| MIRIAM SABZEHROO, RAQUEL SABZEHROO, | : | |
| SARI DANA, SHERRY CHERA HALABI, DALIA | : | |
| OZIEL, DEBORAH SHILOACH, EVA | : | |
| SHAMMAH, THE EDMOND J. SAFRA | : | |
| SYNAGOGUE INC. AND RABBI ELI J. | : | |
| MANSOUR | : | |
| | : | |
| Defendants. | : | |

Defendants Yeshivah of Flatbush and Yeshivah of Flatbush LLC (improperly pled as "Yeshiva of Flatbush Joel Braverman High School") (hereinafter "The Yeshivah Defendants"), through their counsel Wilson Elser Moskowitz Edelman & Dicker LLP, in response to the Amended Complaint filed by Plaintiff Elliot M. Hirsch, *pro se*, hereby state as follows:

**INTRODUCTION**

1.      As Paragraph 1 of the Amended Complaint, as filed on February 28, 2022 in the United States District Court – District of New Jersey, in Case No. 3:21-cv-12246-FLW-RLS, presents an improper conclusionary statement, as opposed to an allegation of fact, to the extent that the content of Paragraph 1 of the Amended Complaint seeks to assert allegations against the Yeshivah Defendants or to the extent that any inferences may be drawn against the Yeshivah Defendants based on the content of Paragraph 1, then same are denied.

2.      As Paragraph 2 of the Amended Complaint presents an improper conclusionary statement, as opposed to an allegation of fact, to the extent that the content of Paragraph 1 of the Amended Complaint seeks to assert allegations against the Yeshivah Defendants or to the extent that any inferences may be drawn against the Yeshivah Defendants based on the content of Paragraph 2, then same are denied.

3.      The Yeshivah Defendants lack knowledge to either admit or deny the allegations presented in Paragraph 3 of the Amended Complaint, and as such make no response thereto; however, to the extent that Paragraph 3 seeks to assert allegations against the Yeshivah Defendants or to the extent that any inferences may be drawn against the Yeshivah Defendants based on the content of Paragraph 3, then same are denied.

4-19.   The Yeshivah Defendants lack knowledge to either admit or deny the purported factual allegations presented in Paragraphs 4-19 of the Amended Complaint, and as such make no response thereto. The Yeshivah Defendants further state that to the extent that Paragraphs 4-19 seek to present issues or concepts of religious doctrine or present allegations concerning religious doctrine, and the meaning or impact of same, the Yeshivah Defendants respectfully contend that such issues and assertions are not properly before this Court of law which otherwise lacks

jurisdiction to adjudicate religious principles and doctrine. Moreover to the extent that Paragraphs 4-19 seek to assert allegations against the Yeshivah Defendants or to the extent that any inferences may be drawn against the Yeshivah Defendants based on the content of Paragraphs 4-19, then same are denied.

20.    To the extent that Paragraph 20 seeks to assert allegations against the Yeshivah Defendants or to the extent that any inferences may be drawn against the Yeshivah Defendants based on the content of Paragraph 20, then same are denied.

21-73. The Yeshivah Defendants lack knowledge to admit or deny the assertions presented in Paragraphs 21 to 73 in the Amended Complaint and further note that in fact the asssertions presented in Paragraphs 21 to 73 speak to the alleged actions of others, not as to the Yeshivah Defendants. The Yeshivah Defendants further state that to the extent that Paragraphs 21 to 73 seek to present issues or concepts of religious doctrine or present allegations concerning religious doctrine, and the meaning or impact of same, the Yeshivah Defendants respectfully contend that such issues and assertions are not properly before this Court of law which otherwise lacks jurisdiction to adjudicate religious principles and doctrine. Moreover, to the extent that Paragraph 21 to 73 seek to assert any allegations against the Yeshivah Defendants or to the extent that any inferences may be drawn against the Yeshivah Defendants based on the content of Paragraphs 21 to 73, then same are denied.

74-78. Paragraphs 74 to 78 of the Amended Complaint improperly present conclusionary statements as opposed to allegations of fact; nevertheless, to the extent that Paragraphs 74 to 78 seek to assert any allegations against the Yeshivah Defendants or to the extent that any inferences may be drawn against the Yeshivah Defendants based on the content of Paragraphs 74 to 78, then same are denied. The Yeshivah Defendants further state that to the extent that Paragraphs 74-78

3

seek to present issues or concepts of religious doctrine or present allegations concerning religious doctrine, and the meaning or impact of same, the Yeshivah Defendants respectfully contend that such issues and assertions are not properly before this Court of law which otherwise lacks jurisdiction to adjudicate religious principles and doctrine.

## JURISDICTION AND VENUE

79.     Paragraph 79 seeks to present a legally conclusionary statement based on an assertion as to the diversity of the parties which the Yeshivah Defendants contend is in question.

80.     The Yeshivah Defendants contend that in consideration of the principles of forum non conveniens, venue is not proper, and as such the Yeshivah Defendants deny the legal conclusion presented in Paragraph 80.

## PARTIES

81.     The Yeshivah Defendants lack knowledge to admit or deny the allegations within Paragraph 81 and as such leave Plaintiff to his proofs.

82.     The Yeshivah Defendants admit that the Yeshivah of Flatbush Joel Braverman High School is located at 1609 Avenue J, Brooklyn, New York, but otherwise lack knowledge to admit or deny the other allegations within Paragraph 82 and as such leave Plaintiff to his proofs.

## STATEMENT OF CLAIM

83.     Paragraphs 83 of the Amended Complaint improperly present conclusionary statements as opposed to allegations of fact; nevertheless, to the extent that Paragraph 83 seeks to assert any allegations against the Yeshivah Defendants or to the extent that any inferences may be drawn against the Yeshivah Defendants based on the content of Paragraph 83, then same are denied. The Yeshivah Defendants further state that to the extent that Paragraphs 83 seek to present issues or concepts of religious doctrine or present allegations concerning religious doctrine, and the meaning

4

or impact of same, the Yeshivah Defendants respectfully contend that such issues and assertions are not properly before this Court of law which otherwise lacks jurisdiction to adjudicate religious principles and doctrine.

## FACTS

### I.      DEFENDANT LAURIE BEDA

84-169.           Paragraphs 84 to 169 of the Amended Complaint improperly present conclusionary statements as opposed to allegations of fact as well as make assertions against individuals and organizations other than the Yeshivah Defendants; however, to the extent that Paragraphs 84 to 169 seeks to assert or imply any allegations against the Yeshivah Defendants or to the extent that any inferences may be drawn against the Yeshivah Defendants based on the content of Paragraphs 84 to 169, then same are denied. The Yeshivah Defendants further state that to the extent that Paragraphs 84-169 seek to present issues or concepts of religious doctrine or present allegations concerning religious doctrine, and the meaning or impact of same, the Yeshivah Defendants respectfully contend that such issues and assertions are not properly before this Court of law which otherwise lacks jurisdiction to adjudicate religious principles and doctrine.

### II.     DEFENDANT NORMA TAWIL

170-175.          Paragraphs 170 to 175 of the Amended Complaint improperly present conclusionary statements as opposed to allegations of fact as well as make assertions against individuals and organizations other than the Yeshivah Defendants; however, to the extent that Paragraphs 170 to 175 seeks to assert or imply any allegations against the Yeshivah Defendants or to the extent that any inferences may be drawn against the Yeshivah Defendants based on the content of Paragraphs 170 to 175, then same are denied. The Yeshivah Defendants further state that to the extent that Paragraphs 170-175 seek to present issues or concepts of religious doctrine

or present allegations concerning religious doctrine, and the meaning or impact of same, the Yeshivah Defendants respectfully contend that such issues and assertions are not properly before this Court of law which otherwise lacks jurisdiction to adjudicate religious principles and doctrine.

## III.    DEFENDANTS HESHY TISCHLER AND AMBER ADLER

176-213.    Paragraphs 176 to 213 of the Amended Complaint improperly present conclusionary statements as opposed to allegations of fact as well as make assertions against individuals and organizations other than the Yeshivah Defendants; however, to the extent that Paragraphs 176 to 213 seek to assert or imply any allegations against the Yeshivah Defendants or to the extent that any inferences may be drawn against the Yeshivah Defendants based on the content of Paragraphs 176 to 213, then same are denied. The Yeshivah Defendants further state that to the extent that Paragraphs 176 to 213 seek to present issues or concepts of religious doctrine or present allegations concerning religious doctrine, and the meaning or impact of same, the Yeshivah Defendants respectfully contend that such issues and assertions are not properly before this Court of law which otherwise lacks jurisdiction to adjudicate religious principles and doctrine.

## IV.    DEFENDANT ADINA MILES

214-230.    Paragraphs 214 to 230 of the Amended Complaint improperly present conclusionary statements as opposed to allegations of fact as well as make assertions against individuals and organizations other than the Yeshivah Defendants; however, to the extent that Paragraphs 214 to 230 seek to assert or imply any allegations against the Yeshivah Defendants or to the extent that any inferences may be drawn against the Yeshivah Defendants based on the content of Paragraphs 214 to 230, then same are denied. The Yeshivah Defendants further state that to the extent that Paragraphs 214 to 230 seek to present issues or concepts of religious doctrine or present allegations concerning religious doctrine, and the meaning or impact of same, the

Yeshivah Defendants respectfully contend that such issues and assertions are not properly before this Court of law which otherwise lacks jurisdiction to adjudicate religious principles and doctrine.

## V.    DEFENDANT YESHIVAH OF FLATBUSH JOEL BRAVERMAN HIGH SCHOOL

231.    The Yeshivah Defendants deny the allegations presented in Paragraph 231 of the Amended Complaint.

232.    The Yeshivah Defendants lack knowledge as to the content of any "Manopla live" and as such deny the allegations presented in Paragraph 232 of the Amended Complaint.

232[1].    The Yeshivah Defendants admit that community service is a requirement of its student body but otherwise deny the allegations in Paragraph 232 of the Amended Complaint.

233.    The Yeshivah Defendants admit that the term "chesed hours" relates to community service.

234.    The Yeshivah Defendants deny the allegations presented in Paragraph 234 of the Amended Complaint.

235.    The Yeshivah Defendants admit that the Yeshivah of Flatbush Joel Braverman High School is a well-respected educational institution.

236.    The Yeshivah Defendants deny the allegations presented in Paragraph 236 of the Amended Complaint.

237.    The Yeshivah Defendants deny the allegations presented in Paragraph 237 of the Amended Complaint.

238.    The Yeshivah Defendants deny the allegations presented in Paragraph 238 of the Amended Complaint.

---

[1] The Amended Complaint presents two Paragraphs "232" – they are responded to consecutively in relation to their presentation in the Amended Complaint.

7

239.    The Yeshivah Defendants admit that an Elliot M. Hirsch graduated from the Yeshivah of Flatbush Joel Braverman High School in 2005 but otherwise lack knowledge to either admit or deny the allegations presented in Paragraph 239 of the Amended Complaint.

240.    Notwithstanding concerns as to HIPPA, the Yeshivah Defendants lack knowledge to either admit or deny the allegations as concerns Plaintiff's allegation as to "ADHD", and otherwise deny the allegations in Paragraph 240 of the Amended Complaint.

241.    The Yeshivah Defendants deny the allegations presented in Paragraph 241 of the Amended Complaint.

## VI.    DEFENDANT ELISHEVA YARIMI

242-255.    Paragraphs 242 to 255 of the Amended Complaint improperly present conclusionary statements as opposed to allegations of fact as well as make assertions against individuals and organizations other than the Yeshivah Defendants; however, to the extent that Paragraphs 242 to 255 seek to assert or imply any allegations against the Yeshivah Defendants or to the extent that any inferences may be drawn against the Yeshivah Defendants based on the content of Paragraphs 242 to 255, then same are denied. The Yeshivah Defendants further state that to the extent that Paragraphs 242 to 255 seek to present issues or concepts of religious doctrine or present allegations concerning religious doctrine, and the meaning or impact of same, the Yeshivah Defendants respectfully contend that such issues and assertions are not properly before this Court of law which otherwise lacks jurisdiction to adjudicate religious principles and doctrine.

## VII.    DEFENDANT NOURITE MAIMON

256-263.    Paragraphs 256 to 263 of the Amended Complaint improperly present conclusionary statements as opposed to allegations of fact as well as make assertions against individuals and organizations other than the Yeshivah Defendants; however, to the extent that

Paragraphs 256 to 263 seek to assert or imply any allegations against the Yeshivah Defendants or to the extent that any inferences may be drawn against the Yeshivah Defendants based on the content of Paragraphs 256 to 263, then same are denied. The Yeshivah Defendants further state that to the extent that Paragraphs 256 to 263 seek to present issues or concepts of religious doctrine or present allegations concerning religious doctrine, and the meaning or impact of same, the Yeshivah Defendants respectfully contend that such issues and assertions are not properly before this Court of law which otherwise lacks jurisdiction to adjudicate religious principles and doctrine.

## VIII. DEFENDANT EVE SCABA

264-271. Paragraphs 264 to 271 of the Amended Complaint improperly present conclusionary statements as opposed to allegations of fact as well as make assertions against individuals and organizations other than the Yeshivah Defendants; however, to the extent that Paragraphs 264 to 271 seek to assert or imply any allegations against the Yeshivah Defendants or to the extent that any inferences may be drawn against the Yeshivah Defendants based on the content of Paragraphs 264 to 271, then same are denied. The Yeshivah Defendants further state that to the extent that Paragraphs 264 to 271 seek to present issues or concepts of religious doctrine or present allegations concerning religious doctrine, and the meaning or impact of same, the Yeshivah Defendants respectfully contend that such issues and assertions are not properly before this Court of law which otherwise lacks jurisdiction to adjudicate religious principles and doctrine.

## IX. DEFENDANT LAUREN DAGMY

272-274. Paragraphs 272 to 274 of the Amended Complaint improperly present conclusionary statements as opposed to allegations of fact as well as make assertions against individuals and organizations other than the Yeshivah Defendants; however, to the extent that Paragraphs 272 to 274 seek to assert or imply any allegations against the Yeshivah Defendants or

to the extent that any inferences may be drawn against the Yeshivah Defendants based on the content of Paragraphs 272 to 274, then same are denied. The Yeshivah Defendants further state that to the extent that Paragraphs 272 to 274 seek to present issues or concepts of religious doctrine or present allegations concerning religious doctrine, and the meaning or impact of same, the Yeshivah Defendants respectfully contend that such issues and assertions are not properly before this Court of law which otherwise lacks jurisdiction to adjudicate religious principles and doctrine.

## X.    DEFENDANT SARAH MIZRACHI

275-278.    Paragraphs 275 to 278 of the Amended Complaint improperly present conclusionary statements as opposed to allegations of fact as well as make assertions against individuals and organizations other than the Yeshivah Defendants; however, to the extent that Paragraphs 275 to 278 seek to assert or imply any allegations against the Yeshivah Defendants or to the extent that any inferences may be drawn against the Yeshivah Defendants based on the content of Paragraphs 275 to 278, then same are denied. The Yeshivah Defendants further state that to the extent that Paragraphs 275 to 278 seek to present issues or concepts of religious doctrine or present allegations concerning religious doctrine, and the meaning or impact of same, the Yeshivah Defendants respectfully contend that such issues and assertions are not properly before this Court of law which otherwise lacks jurisdiction to adjudicate religious principles and doctrine.

## XI.    DEFENDANT YAFAH SUTTON

279-280.    Paragraphs 279 to 280 of the Amended Complaint improperly present conclusionary statements as opposed to allegations of fact as well as make assertions against individuals and organizations other than the Yeshivah Defendants; however, to the extent that Paragraphs 279 to 280 seek to assert or imply any allegations against the Yeshivah Defendants or to the extent that any inferences may be drawn against the Yeshivah Defendants based on the

content of Paragraphs 279 to 280, then same are denied. The Yeshivah Defendants further state that to the extent that Paragraphs 279 to 280 seek to present issues or concepts of religious doctrine or present allegations concerning religious doctrine, and the meaning or impact of same, the Yeshivah Defendants respectfully contend that such issues and assertions are not properly before this Court of law which otherwise lacks jurisdiction to adjudicate religious principles and doctrine.

## XII.    DEFENDANT ISABELLA KHAIMOV

281-283.    Paragraphs 281 to 283 of the Amended Complaint improperly present conclusionary statements as opposed to allegations of fact as well as make assertions against individuals and organizations other than the Yeshivah Defendants; however, to the extent that Paragraphs 281 to 283 seek to assert or imply any allegations against the Yeshivah Defendants or to the extent that any inferences may be drawn against the Yeshivah Defendants based on the content of Paragraphs 281 to 283, then same are denied. The Yeshivah Defendants further state that to the extent that Paragraphs 281 to 283 seek to present issues or concepts of religious doctrine or present allegations concerning religious doctrine, and the meaning or impact of same, the Yeshivah Defendants respectfully contend that such issues and assertions are not properly before this Court of law which otherwise lacks jurisdiction to adjudicate religious principles and doctrine.

## XIII.    DEFENDANT EDMOND J. SAFRA SYNAGOGUE INC. OF BROOKLYN NY

284-299.    Paragraphs 284 to 299 of the Amended Complaint improperly present conclusionary statements as opposed to allegations of fact as well as make assertions against individuals and organizations other than the Yeshivah Defendants; however, to the extent that Paragraphs 284 to 299 seek to assert or imply any allegations against the Yeshivah Defendants or to the extent that any inferences may be drawn against the Yeshivah Defendants based on the content of Paragraphs 284 to 299, then same are denied. The Yeshivah Defendants further state

that to the extent that Paragraphs 284 to 299 seek to present issues or concepts of religious doctrine or present allegations concerning religious doctrine, and the meaning or impact of same, the Yeshivah Defendants respectfully contend that such issues and assertions are not properly before this Court of law which otherwise lacks jurisdiction to adjudicate religious principles and doctrine.

## XIV.   DEFENDANTS MIRIAM AND RAQUEL SABZEHROO

300-310.        Paragraphs 300 to 310 of the Amended Complaint improperly present conclusionary statements as opposed to allegations of fact as well as make assertions against individuals and organizations other than the Yeshivah Defendants; however, to the extent that Paragraphs 300 to 310 seek to assert or imply any allegations against the Yeshivah Defendants or to the extent that any inferences may be drawn against the Yeshivah Defendants based on the content of Paragraphs 300 to 310, then same are denied. The Yeshivah Defendants further state that to the extent that Paragraphs 300 to 310 seek to present issues or concepts of religious doctrine or present allegations concerning religious doctrine, and the meaning or impact of same, the Yeshivah Defendants respectfully contend that such issues and assertions are not properly before this Court of law which otherwise lacks jurisdiction to adjudicate religious principles and doctrine.

## XV.   DEFENDANT SARI DANA

311-313.        Paragraphs 311 to 313 of the Amended Complaint improperly present conclusionary statements as opposed to allegations of fact as well as make assertions against individuals and organizations other than the Yeshivah Defendants; however, to the extent that Paragraphs 311 to 313 seek to assert or imply any allegations against the Yeshivah Defendants or to the extent that any inferences may be drawn against the Yeshivah Defendants based on the content of Paragraphs 311 to 313, then same are denied. The Yeshivah Defendants further state that to the extent that Paragraphs 311 to 313 seek to present issues or concepts of religious doctrine

or present allegations concerning religious doctrine, and the meaning or impact of same, the Yeshivah Defendants respectfully contend that such issues and assertions are not properly before this Court of law which otherwise lacks jurisdiction to adjudicate religious principles and doctrine.

## XVI.   DEFENDANT DEBORAH SHILOACH

314-318.        Paragraphs 314 to 318 of the Amended Complaint improperly present conclusionary statements as opposed to allegations of fact as well as make assertions against individuals and organizations other than the Yeshivah Defendants; however, to the extent that Paragraphs 314 to 318 seek to assert or imply any allegations against the Yeshivah Defendants or to the extent that any inferences may be drawn against the Yeshivah Defendants based on the content of Paragraphs 314 to 318, then same are denied. The Yeshivah Defendants further state that to the extent that Paragraphs 314 to 318 seek to present issues or concepts of religious doctrine or present allegations concerning religious doctrine, and the meaning or impact of same, the Yeshivah Defendants respectfully contend that such issues and assertions are not properly before this Court of law which otherwise lacks jurisdiction to adjudicate religious principles and doctrine.

## XVII.  DEFENDANT ELIZABETH KAIREY

320-346.        Paragraphs 320 to 346 of the Amended Complaint improperly present conclusionary statements as opposed to allegations of fact as well as make assertions against individuals and organizations other than the Yeshivah Defendants; however, to the extent that Paragraphs 320 to 346 seek to assert or imply any allegations against the Yeshivah Defendants or to the extent that any inferences may be drawn against the Yeshivah Defendants based on the content of Paragraphs 320 to 346, then same are denied. The Yeshivah Defendants further state that to the extent that Paragraphs 320 to 346 seek to present issues or concepts of religious doctrine or present allegations concerning religious doctrine, and the meaning or impact of same, the

Yeshivah Defendants respectfully contend that such issues and assertions are not properly before this Court of law which otherwise lacks jurisdiction to adjudicate religious principles and doctrine.

## XVIII. DEFENDANT SHERRY CHERA HALABI

347-352.       Paragraphs 347 to 352 of the Amended Complaint improperly present conclusionary statements as opposed to allegations of fact as well as make assertions against individuals and organizations other than the Yeshivah Defendants; however, to the extent that Paragraphs 347 to 352 seek to assert or imply any allegations against the Yeshivah Defendants or to the extent that any inferences may be drawn against the Yeshivah Defendants based on the content of Paragraphs 347 to 352, then same are denied. The Yeshivah Defendants further state that to the extent that Paragraphs 347 to 352 seek to present issues or concepts of religious doctrine or present allegations concerning religious doctrine, and the meaning or impact of same, the Yeshivah Defendants respectfully contend that such issues and assertions are not properly before this Court of law which otherwise lacks jurisdiction to adjudicate religious principles and doctrine.

## XIX.    DEFENDANT DALIA OZIEL

353-363.       Paragraphs 353 to 363 of the Amended Complaint improperly present conclusionary statements as opposed to allegations of fact as well as make assertions against individuals and organizations other than the Yeshivah Defendants; however, to the extent that Paragraphs 353 to 363 seek to assert or imply any allegations against the Yeshivah Defendants or to the extent that any inferences may be drawn against the Yeshivah Defendants based on the content of Paragraphs 353 to 363, then same are denied. The Yeshivah Defendants further state that to the extent that Paragraphs 353 to 363 seek to present issues or concepts of religious doctrine or present allegations concerning religious doctrine, and the meaning or impact of same, the

Yeshivah Defendants respectfully contend that such issues and assertions are not properly before this Court of law which otherwise lacks jurisdiction to adjudicate religious principles and doctrine.

## XX.    EVA SHAMMAH

364-378.    Paragraphs 364 to 378 of the Amended Complaint improperly present conclusionary statements as opposed to allegations of fact as well as make assertions against individuals and organizations other than the Yeshivah Defendants; however, to the extent that Paragraphs 364 to 378 seek to assert or imply any allegations against the Yeshivah Defendants or to the extent that any inferences may be drawn against the Yeshivah Defendants based on the content of Paragraphs 364 to 378, then same are denied. The Yeshivah Defendants further state that to the extent that Paragraphs 364 to 378 seek to present issues or concepts of religious doctrine or present allegations concerning religious doctrine, and the meaning or impact of same, the Yeshivah Defendants respectfully contend that such issues and assertions are not properly before this Court of law which otherwise lacks jurisdiction to adjudicate religious principles and doctrine.

## XXI.    RABBI ELI J. MANSOUR

379-430.    Paragraphs 379 to 430 of the Amended Complaint improperly present conclusionary statements as opposed to allegations of fact as well as make assertions against individuals and organizations other than the Yeshivah Defendants; however, to the extent that Paragraphs 379 to 430 seek to assert or imply any allegations against the Yeshivah Defendants or to the extent that any inferences may be drawn against the Yeshivah Defendants based on the content of Paragraphs 379 to 430, then same are denied. The Yeshivah Defendants further state that to the extent that Paragraphs 379 to 430 seek to present issues or concepts of religious doctrine or present allegations concerning religious doctrine, and the meaning or impact of same, the

Yeshivah Defendants respectfully contend that such issues and assertions are not properly before this Court of law which otherwise lacks jurisdiction to adjudicate religious principles and doctrine.

**FIRST CAUSE OF ACTION –**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

431.   The Yeshivah Defendants repeat each and every response to Paragraphs 1 to 430 of the Amended Complaint as if same were set forth herein.

432-535.   Paragraphs 432 to 535 of the Amended Complaint improperly present conclusionary statements as well as make assertions against individuals and organizations other than the Yeshivah Defendants, and in fact fail to demonstrate any factual foundation for the alleged First Cause of Action against the Yeshivah Defendants; nevertheless, to the extent that Paragraphs 432 to 535 seek to assert or imply any allegations against the Yeshivah Defendants or to the extent that any inferences may be drawn against the Yeshivah Defendants based on the content of Paragraphs 432 to 535, then same are denied. The Yeshivah Defendants further state that to the extent that Paragraphs 432 to 535 seek to present issues or concepts of religious doctrine or present allegations concerning religious doctrine, and the meaning or impact of same, the Yeshivah Defendants respectfully contend that such issues and assertions are not properly before this Court of law which otherwise lacks jurisdiction to adjudicate religious principles and doctrine.

**WHEREFORE**, Defendants Yeshivah of Flatbush and Yeshivah of Flatbush LLC (improperly pled as "Yeshivah of Flatbush Joel Braverman High School") demand judgment dismissing the Amended Complaint with prejudice in its entirety, for costs of suit, fees, and for such other relief as this Court may deem proper.

## SECOND CAUSE OF ACTION –
## DEFAMATION

536.    The Yeshivah Defendants repeat each and every response to Paragraphs 1 to 535 of the Amended Complaint as if same were set forth herein.

537-732.    Paragraphs 537 to 732 of the Amended Complaint improperly present conclusionary statements as well as make assertions against individuals and organizations other than the Yeshivah Defendants, and in fact fail to demonstrate any factual foundation for the alleged Second Cause of Action against the Yeshivah Defendants; nevertheless, to the extent that Paragraphs 537 to 732 seek to assert or imply any allegations against the Yeshivah Defendants or to the extent that any inferences may be drawn against the Yeshivah Defendants based on the content of Paragraphs 537 to 732, then same are denied. The Yeshivah Defendants further state that to the extent that Paragraphs 537 to 732 seek to present issues or concepts of religious doctrine or present allegations concerning religious doctrine, and the meaning or impact of same, the Yeshivah Defendants respectfully contend that such issues and assertions are not properly before this Court of law which otherwise lacks jurisdiction to adjudicate religious principles and doctrine.

WHEREFORE, Defendants Yeshivah of Flatbush and Yeshivah of Flatbush LLC (improperly pled as "Yeshivah of Flatbush Joel Braverman High School") demand judgment dismissing the Amended Complaint with prejudice in its entirety, for costs of suit, fees, and for such other relief as this Court may deem proper.

## THIRD CAUSE OF ACTION –
## FALSE LIGHT

733.    The Yeshivah Defendants repeat each and every response to Paragraphs 1 to 732 of the Amended Complaint as if same were set forth herein.

17

734-748.        Paragraphs 734 to 748 of the Amended Complaint improperly present conclusionary statements as well as make assertions against individuals and organizations other than the Yeshivah Defendants, and in fact fail to demonstrate any factual foundation for the alleged Third Cause of Action against the Yeshivah Defendants; nevertheless, to the extent that Paragraphs 734 to 748 seek to assert or imply any allegations against the Yeshivah Defendants or to the extent that any inferences may be drawn against the Yeshivah Defendants based on the content of Paragraphs 734 to 748, then same are denied. The Yeshivah Defendants further state that to the extent that Paragraphs 734 to 748 seek to present issues or concepts of religious doctrine or present allegations concerning religious doctrine, and the meaning or impact of same, the Yeshivah Defendants respectfully contend that such issues and assertions are not properly before this Court of law which otherwise lacks jurisdiction to adjudicate religious principles and doctrine.

**WHEREFORE**, Defendants Yeshivah of Flatbush and Yeshivah of Flatbush LLC (improperly pled as "Yeshivah of Flatbush Joel Braverman High School") demand judgment dismissing the Amended Complaint with prejudice in its entirety, for costs of suit, fees, and for such other relief as this Court may deem proper.

**FOURTH CAUSE OF ACTION –
CIVIL CONSPIRACY**

749.    The Yeshivah Defendants repeat each and every response to Paragraphs 1 to 748 of the Amended Complaint as if same were set forth herein.

750-775.        Paragraphs 750 to 775 of the Amended Complaint improperly present conclusionary statements as well as make assertions against individuals and organizations other than the Yeshivah Defendants, and in fact fail to demonstrate any factual foundation for the alleged Fourth Cause of Action against the Yeshivah Defendants; nevertheless, to the extent that Paragraphs 750 to 775 seek to assert or imply any allegations against the Yeshivah Defendants or

to the extent that any inferences may be drawn against the Yeshivah Defendants based on the content of Paragraphs 750 to 775, then same are denied. The Yeshivah Defendants further state that to the extent that Paragraphs 750 to 775 seek to present issues or concepts of religious doctrine or present allegations concerning religious doctrine, and the meaning or impact of same, the Yeshivah Defendants respectfully contend that such issues and assertions are not properly before this Court of law which otherwise lacks jurisdiction to adjudicate religious principles and doctrine.

**WHEREFORE**, Defendants Yeshivah of Flatbush and Yeshivah of Flatbush LLC (improperly pled as "Yeshivah of Flatbush Joel Braverman High School") demand judgment dismissing the Amended Complaint with prejudice in its entirety, for costs of suit, fees, and for such other relief as this Court may deem proper.

**FIFTH CAUSE OF ACTION –
NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

776. The Yeshivah Defendants repeat each and every response to Paragraphs 1 to 775 of the Amended Complaint as if same were set forth herein.

777-788. Paragraphs 777 to 788 of the Amended Complaint improperly present conclusionary statements as well as make assertions against individuals and organizations other than the Yeshivah Defendants, and in fact fail to demonstrate any factual foundation for the alleged Fifth Cause of Action against the Yeshivah Defendants; nevertheless, to the extent that Paragraphs 777 to 788 seek to assert or imply any allegations against the Yeshivah Defendants or to the extent that any inferences may be drawn against the Yeshivah Defendants based on the content of Paragraphs 777 to 788, then same are denied. The Yeshivah Defendants further state that to the extent that Paragraphs 777 to 788 seek to present issues or concepts of religious doctrine or present allegations concerning religious doctrine, and the meaning or impact of same, the Yeshivah

Defendants respectfully contend that such issues and assertions are not properly before this Court of law which otherwise lacks jurisdiction to adjudicate religious principles and doctrine.

**WHEREFORE**, Defendants Yeshivah of Flatbush and Yeshivah of Flatbush LLC (improperly pled as "Yeshivah of Flatbush Joel Braverman High School") demand judgment dismissing the Amended Complaint with prejudice in its entirety, for costs of suit, fees, and for such other relief as this Court may deem proper.

## SIXTH CAUSE OF ACTION –
## PRIVATE NUISANCE

789.    The Yeshivah Defendants repeat each and every response to Paragraphs 1 to 788 of the Amended Complaint as if same were set forth herein.

790-819.    Paragraphs 790 to 819 of the Amended Complaint improperly present conclusionary statements as well as make assertions against individuals and organizations other than the Yeshivah Defendants, and in fact fail to demonstrate any factual foundation for the alleged Sixth Cause of Action against the Yeshivah Defendants; nevertheless, to the extent that Paragraphs 790 to 819 seek to assert or imply any allegations against the Yeshivah Defendants or to the extent that any inferences may be drawn against the Yeshivah Defendants based on the content of Paragraphs 790 to 819, then same are denied. The Yeshivah Defendants further state that to the extent that Paragraphs 790 to 819 seek to present issues or concepts of religious doctrine or present allegations concerning religious doctrine, and the meaning or impact of same, the Yeshivah Defendants respectfully contend that such issues and assertions are not properly before this Court of law which otherwise lacks jurisdiction to adjudicate religious principles and doctrine.

**WHEREFORE**, Defendants Yeshivah of Flatbush and Yeshivah of Flatbush LLC (improperly pled as "Yeshivah of Flatbush Joel Braverman High School") demand judgment

20

dismissing the Amended Complaint with prejudice in its entirety, for costs of suit, fees, and for such other relief as this Court may deem proper.

## AFFIRMATIVE DEFENSES

The Yeshivah Defendants assert the following affirmative defenses. By designating the following defenses as affirmative defenses, the Yeshivah Defendants do not concede that they bear the burden of proof with respect to any of these defenses.

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint, and any version thereof, fails to state a claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiff lacks standing to maintain each count contained in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

Upon information and belief, the Court lacks personal jurisdiction and/or the Plaintiff has not met its obligation to prove diversity of citizenship.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is equitably estopped from maintaining this action based upon his unclean hands, doctrines of waiver and estoppel, laches, and by other equitable doctrines, and his Amended Complaint should therefore be dismissed.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action to the extent that it seeks exemplary or punitive damages as it fails to allege conduct constituting gross recklessness or intentional wanton or malicious conduct aimed at the public generally or conduct actuated by evil or reprehensible motives.

21

## SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's Complaint seeks exemplary or punitive damages, it violates the Yehsivah Defendants' constitutional rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution, and Article 1, § 5 of the Constitution of the State of New York, and violates defendants' constitutional rights to substantive due process duly provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of New York, and therefore, fails to state a cause of action supporting the punitive or exemplary damages claimed.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has not sustained any damages as a result of the actions alleged in his complaint.

## EIGHTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction, as the alleged defamatory statements were made in the context of a body interpreting Jewish law, and the First Amendment prohibition against government entanglement with religious practices would be too easily circumvented if this Court exercised jurisdiction.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails as he fails to plead defamation with specificity.

## TENTH AFFIRMATIVE DEFENSE

The Yeshivah Defendants' conduct is protected by a qualified privilege and the "common interest principal."

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails as the alleged statements at issue were true.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails as a matter as it lacks the necessary factual and legal basis to allege its causes of action against the Yeshivah Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails as this Court lacks personal and subject matter juriscition over the Yeshivah Defendants.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails as a matter of law as it is barred by the applicable statute of limitations.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Plaintiff is a public figure, rendering a heightened standard for a claim of defamation and rendering a defense as to infliction of emotional distress.

## SIXTEENTH AFFIRMATIVE DEFENSE

Litigation privilege applies as a defense as to infliction of emotional distress.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate its damages, if any were suffered.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint is barred pursuant to forum non-conveniens.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages are limited to real or actual damages only.

## TWENTIETH AFFIRMATIVE DEFENSE

The Amended Complaint, or portions thereof, is barred by the doctrine of res judicata.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Amended Complaint, or portions thereof, is barred by the doctrine of collateral estoppel/issue preclusion.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because of Plaintiff's own wrongful acts.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The Yeshivah Defendants did not breach any duty allegedly owed to Plaintiff under common law, statute, regulation or standards.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The allegations in the Amended Complaint are frivolous and without merit, and an abuse of process pursuant to the laws of the State of New Jersey as to the Yeshivah Defendants.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The damages incurred, if any, were the result of the actions or inactions of Plaintiff.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims and allegations against the Yeshivah Defendants are barred as they are brought in bad faith.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate, minimize, or avoid any damages allegedly sustained, and any recovery against this answering party must be reduced by the amount attributable to said failure.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that any claimed loss arises from Plaintiff's actions, omissions, or other conduct that is or was in violation of federal, state, and/or local laws, statutes, regulations, or public policy.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred by the Doctrine of Comparative Negligence, N.J.S.A. 2A:15-5-1, et seq.

## THIRTIETH AFFIRMATIVE DEFENSE

Any and all damages sustained by Plaintiff, if any, were caused by third persons over whom the Yeshivah Defendants have no control.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

The alleged incidents at issue resulted from circumstances and conditions beyond the control of the Yeshivah Defendants.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Any award recovered by the Plaintiff and any other defendants herein shall be diminished by the amount of benefits paid by any collateral source, pursuant to N.J.S.A. 2A:15-97.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Pursuant to New Jersey Law, the Yeshivah Defendants reserve the right to seek a credit reducing the amount of Plaintiff's judgment, if any, to reflect the degree of fault allocated by the jury to any co-defendant regardless of settlement by any co-defendant.  The Yeshivah Defendants asserts that the liability of any co-defendant(s) shall be an issue at the time of trial.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint, and any version thereof, must be dismissed as this Court lacks in personam (personal) jurisdiction as to the Yeshivah Defendants.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint, and any version thereof, must be dismissed as this Court lacks subject matter jurisdiction as to the Yeshivah Defendants.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint, and any version thereof, must be dismissed as this Court is the improper venue as to the Yeshivah Defendants.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

The Yeshivah Defendants assert that they may have additional affirmative defenses that cannot now be articulated because the Amended Complaint does not describe the matters articulated with sufficient particularity; and thus the Yeshivah Defendants therefore, fully reserve the right to assert additional defenses as the precise nature of the claims are ascertained upon further investigation and discovery.

**WHEREFORE**, Defendants Yeshivah of Flatbush and Yeshivah of Flatbush LLC (improperly pled as "Yeshivah of Flatbush Joel Braverman High School") demand judgment dismissing the Amended Complaint with prejudice in its entirety, for costs of suit, fees, and for such other relief as this Court may deem proper.

## DEMAND FOR JURY TRIAL

Defendants Yeshivah of Flatbush and Yeshivah of Flatbush LLC hereby demand trial by jury for all issues deemed so triable.

> **WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**
> *Attorneys for Defendants Yeshivah of Flatbush and Yeshivah of Flatbush LLC (improperly pled as "Yeshivah of Flatbush Joel Braverman High School")*
>
>
> By: ___s/ Joanna Piorek_____
>         Joanna Piorek, Esq.

Dated: July 8, 2022