```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 ELLIOT HIRSCH,

                        Plaintiff,          **MEMORANDUM & ORDER**
                                            22-CV-5011(EK)(VMS)

          -against-

 LAURIE BEDA, ADINA MILES, NORMA
 TAWIL, HESHY TISCHLER, AMBER ADLER,
 et al.

                        Defendants.

-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

        On April 25, 2023, the Court dismissed *pro se* plaintiff Elliot Hirsch's 237-page, 819-paragraph second amended complaint, *see* ECF No. 42, for failure to comply with Federal Rule of Civil Procedure 8. ECF No. 152.[1] I directed Hirsch to submit an amended complaint that complies with that rule's "short and plain statement" requirement. Hirsch thereafter submitted a letter describing the renewed or additional claims and new defendants he wishes to include in his amended

---

[1] While still in its relative infancy, this case already has a lengthy and somewhat complicated procedural history. Hirsch originally brought three separate suits in the U.S. District Court for the District of New Jersey: *Hirsch v. Beda, et al.*, No. 21-CV-12246; *Hirsch v. Kairey, et al.*, No. 21-CV-13718; and *Hirsch v. Adler, et al.*, No. 21-CV-12686. These were eventually consolidated into the instant case. *See* ECF No. 34. On August 23, 2022, Judge Freda Wolfson granted Defendant Yafah Sutton's motion to transfer the case to this District. *See* ECF No. 118.

complaint. *See* ECF No. 153.[2] He also moves for the appointment of pro bono counsel. Defendants oppose these requests on various grounds. *See* ECF Nos. 155, 156, 160, 162.

## I. Discussion

The request to file an amended complaint exceeding fifty pages is GRANTED. Hirsch brings various claims against numerous defendants. The Court is cognizant that, to survive a motion to dismiss, the complaint must include sufficient allegations as to each defendant and each claim. **Hirsch is advised, however, that filing an overly lengthy, prolix, or confusing amended complaint may again lead to dismissal on Rule 8 grounds.** *E.g.*, *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995); *Celli v. Cole*, 699 F. App'x 88, 89 (2d Cir. 2017).

Hirsch's request to replead his civil RICO claims under 18 U.S.C. § 1962(c) and (d), as described in his letter, is GRANTED. Judge Wolfson previously dismissed Hirsch's RICO claims without prejudice. *See* ECF No. 34. Under Rule 15, leave to amend should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). Moreover, "a pro se complaint generally should not be dismissed without granting the plaintiff

---

[2] Hirsch also directs the Court's attention to a May 9, 2022 letter filed before Judge Wolfson regarding his proposed amendments to the then-operative complaint. *See* Nos. 74, 159.

2

leave to amend at least once." *Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013).

In light of Hirsch's *pro se* status, the Court will allow him one more bite at this apple. It may be that the newly amended complaint will fail to plausibly allege any RICO claims — including for the reasons that Defendants state in their letters. The Court will take up that analysis at the motion-to-dismiss stage, not now by denying leave to amend. At the same time, Hirsch is advised to carefully review Defendants' letters, which identify various potential deficiencies with his proposed RICO claims. The Court will not allow unlimited opportunities to amend, and any future dismissal of these claims may be with prejudice. *See, e.g.*, *Truman v. Brown*, 434 F. Supp. 3d 100, 124 (S.D.N.Y. 2020) (dismissing with prejudice where plaintiff was "on notice of the deficiencies claimed by" defendant).

For similar reasons, Hirsch's request to replead his negligence and assault claims, which Judge Wolfson also previously dismissed without prejudice, is GRANTED.

The request to add various new defendants to the amended complaint is DENIED. Hirsch seeks to add: (1) fourteen individuals and an unspecified number of John and Jane Doe defendants, for his RICO claims; (2) "all the officers of the 61st Precinct of the NYPD," for newly proposed civil rights conspiracy claims; and (3) Rabbi Yitzchak Yisraeli, for a newly

3

proposed claim for injunctive relief.  In addition to Rule 15, a request to amend that seeks to add new parties implicates Rule 21.  *See* Fed. R. Civ. P. 21.  "There is, however, little practical difference between Rule 15 and Rule 21 since they both leave the decision whether to permit or deny an amendment to the district court's discretion."  *Amaya v. Roadhouse Brick Oven Pizza, Inc.*, 285 F.R.D. 251, 253 (E.D.N.Y. 2012).  Although amendment should be freely given when justice so requires, a "district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."  *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).

Hirsch has not shown that the interests of justice favor amending the complaint to add dozens of new defendants on several new bases for liability.  He provides no explanation for why he did not previously include these defendants or claims, despite the fact that this case has been pending, in some form, for almost two years, and the relevant complaint(s) have undergone various amendments during that period.  *See Yaba v. Cadwalader, Wickersham & Taft*, 931 F. Supp. 271, 276 (S.D.N.Y. 1996) (delay was "plainly undue" where plaintiff waited almost one and a half years before moving to add claims she could have included in her original complaint).  The Court has already set a briefing schedule on Defendants' anticipated motions to

4

dismiss the forthcoming amended complaint — one that would be jeopardized by the addition of new defendants (and new counsel getting up to speed on the litigation).[3] Any such postponement, caused by Hirsch's unexplained failure to previously include his proposed additions, would only further delay this action and prejudice Defendants. *See State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C.*, 246 F.R.D. 143, 148-49 (E.D.N.Y. 2007) (prejudice generally found where the "amendment brings entirely new and separate claims, adds new parties[,] or at least entails more than an alternate claim or a change in the allegations of a complaint").

Hirsch's request for the appointment of pro bono counsel is DENIED. Although there is "no right to counsel in a civil case," *Velasquez v. Metro Fuel Oil Corp.*, 12 F. Supp. 3d 387, 403 (E.D.N.Y. 2014), a court may, in its discretion, appoint an attorney to represent someone who is unable to afford counsel. *See* 28 U.S.C. § 1915(e)(1). Under the standards set out in *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986), the court must "first determine whether the indigent's position seems likely to be of substance." If that threshold is met, the court then turns to "secondary criteria" such as the

---

[3] Some Defendants, moreover, had already moved to dismiss the then-operative complaint. *See* Nos. 57, 93, 122. In light of the case's transfer to this District (in a new Circuit), and Court's subsequent dismissal of that complaint, the Court ordered re-briefing of those motions. *See* ECF No. 152.

5

*pro se* plaintiff's "ability to handle the case without assistance in the light of the required factual investigation" and "the complexity of the legal issues." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *see Hodge*, 802 F.2d at 61-62.

Given the case's procedural posture, the Court has not yet had the opportunity to assess the merits of Hirsch's claims. In any event, Hirsch has demonstrated the ability to diligently present his case and investigate the facts at issue here. Indeed, Hirsch, who has passed the New Jersey bar examination and is pending admission to that bar, is more capable of representing himself than the majority of *pro se* plaintiffs before this Court.

## II. Conclusion

For the reasons set forth above, Plaintiff's requests for leave to file an amended complaint exceeding fifty pages; to replead his civil RICO claims under 18 U.S.C. § 1962(c) and (d), as described in his letter; and to replead his negligence and assault claims are GRANTED. His request for leave to add new

6

defendants to the amended complaint is DENIED.  The motion for the appointment of pro bono counsel is also DENIED.

SO ORDERED.

                                              /s/ Eric Komitee
                                              ERIC KOMITEE
                                              United States District Judge

Dated:    May 26, 2023
           Brooklyn, New York