UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

ELLIOT HIRSCH,

                    Plaintiff,                    **MEMORANDUM & ORDER**
                                                  22-cv-5011(EK)(VMS)

          -against-

LAURIE BEDA, et. al,

                    Defendants.

-------------------------------------x
ERIC KOMITEE, United States District Judge:

          After the Court dismissed Elliot Hirsch's federal

claims, he was ordered to show cause why the Court should not

dismiss his state law claims on jurisdictional grounds.  Mem. &

Order 11-15, ECF No. 210.  Hirsch responded.  But his response

does not adequately establish that diversity jurisdiction is

proper under 28 U.S.C § 1332, and the Court has already

explained that it will not exercise supplemental jurisdiction

under 28 U.S.C § 1367, *see id.* at 12.  Hirsch's case will

therefore be dismissed.

          Hirsch states he is domiciled in New Jersey, which is

adequate to allege he is a New Jersey citizen.  Hirsch Order to

Show Cause Letter at 1 ("Hirsch Ltr."), ECF No. 211.  But as to

the citizenship of the twenty-two remaining defendants, Hirsch

writes only:

> All Defendants are domiciled outside the State of New
> Jersey. None are incorporated in, domiciled in, or
> maintain any substantial connection to New Jersey. To
> the best of my knowledge, they do not conduct business
> in, reside in, or maintain a physical presence within
> the state. Accordingly, complete diversity exists under
> 28 U.S.C. § 1332.

*Id.* Alleging that the defendants are "citizen[s] of a different state" from plaintiff "is insufficient to show that the diversity requirement is met because, standing alone, it is entirely conclusory." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016). And Hirsch's supplemental submission does not allege where any of the defendants are citizens, only that it is not New Jersey. His allegations are therefore insufficient.

Hirsch also apologizes for using the term "reside instead of domiciled" in his original complaint, and reiterates he is not admitted to practice law, despite having graduated from law school and passed a state bar exam. Hirsch Ltr. at 2 (quotations omitted). But a *pro se* plaintiff "must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005). And even if every instance of "resides" in Hirsch's complaint were replaced with "is domiciled," the Court would still lack diversity jurisdiction. For multiple individual defendants Hirsch alleged their

"business address" or "place of business."  *See* Fifth Amended

Compl. ¶ 7, ECF No. 168 (Heshy Tischler, Eve Scaba, and Eva

Shammah).

Accordingly, this case is dismissed without prejudice

for want of subject-matter jurisdiction.[1]  The Clerk of the Court

is respectfully directed to close the case.


SO ORDERED.




_/s/ Eric Komitee_____
ERIC KOMITEE
United States District Judge


Dated:    April 22, 2025
          Brooklyn, New York

---

[1]  Because the Court lacks jurisdiction, it will not address Hirsch's request for prejudgment attachment of one of the defendant's assets.  Hirsch Ltr. at 2.